United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE**

INNOVATIVE SPORTS MANAGEMENT, INC., d/b/a INTEGRATED SPORTS MEDIA,

Plaintiff,

v.

MARTHA J. MARTINEZ POLANIAS, d/b/a EL CIELO BAR & GRILL,

Defendant.

Case No.  25-cv-05060-BLF

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIF'S MOTION FOR DEFAULT JUDGMENT**

[Re: ECF 19]

Plaintiff Innovative Sports Management, a distributor and licensor of sporting events, sues Defendant Martha J. Martinez Polanias for unlawfully intercepting the *Colombia v. Bolivia Soccer Match* ("the Program") aired on June 15, 2024, and exhibiting it at her commercial establishment, El Cielo Bar & Grill.  *See* Compl. ¶ 20, ECF 1.  Plaintiff seeks damages under federal and state law.

Before the Court is Plaintiff's motion for default judgment.  *See* Pl.'s Mot., ECF 19.[1]  The Court previously vacated the hearing after finding the motion to be suitable for decision without oral argument.  *See* Order Vacating Hrg., ECF 24.  The Court finds that Plaintiff has established an entitlement to default judgment, but it declines to award all of the damages requested by Plaintiff.

Accordingly, the motion for default judgment is GRANTED IN PART AND DENIED IN PART, as discussed below.

---

[1] Plaintiff filed two copies its motion for default judgment on the same date, one docketed at ECF 19 and one docketed at ECF 20.  The filings appear to be identical.  The Court refers to the motion docketed at ECF 19 in this order.

United States District Court
Northern District of California

## I.    BACKGROUND[2]

Plaintiff purchased the exclusive nationwide commercial distribution rights to the Program, including all interviews and game commentary.  *See* Compl. ¶ 15.  Plaintiff entered into sublicensing agreements with various commercial entities throughout North America, allowing them to publicly exhibit the Program at their commercial establishments.  *See id*. ¶ 16.  Defendant owns and does business as the commercial establishment known as El Cielo Bar & Grill, located at 2650 Alum Rock Ave., San Jose, California 95116.  *See id*. ¶ 7.  Defendant exhibited the Program at El Cielo Bar & Grill on June 15, 2024, without sublicensing the rights to do so from Plaintiff.  *See id*. ¶¶ 20-21.  Plaintiff's investigator, Mario Galvez, observed the unlawful exhibition of the Program at El Cielo Bar & Grill on June 15, 2024.  *See* Galvez Decl., ECF 19-3.  Galvez states that El Cielo Bar & Grill has a capacity of approximately 60 people, and that between 18 and 20 patrons were present while the Program was exhibited.  *See id*.  A sublicense to show the Program would have cost Defendant $1,000.  *See* Riley Decl. ¶ 8, ECF 19-2.

Plaintiff filed this action on June 13, 2025, asserting claims for:  (1) unauthorized publication or use of communications in violation of 47 U.S.C. § 605; (2) unauthorized reception of cable service in violation of 47 U.S.C. § 553; (3) conversion; and (4) violation of Cal. Bus. & Prof. Code § 17200.  Defendant has not appeared, and the Clerk has entered her default.  *See* Clerk's Notice, ECF 16.  Plaintiff now seeks entry of default judgment against Defendant.

## II.    LEGAL STANDARD

Default may be entered against a party who fails to defend an action, who is neither a minor nor an incompetent person, and against whom a judgment for affirmative relief is sought.  *See* Fed. R. Civ. P. 55(a).  After entry of default, a court may, in its discretion, enter default judgment.  *See* Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

In deciding whether to enter default judgment, a court should consider the following factors:  (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive

---

[2] The Background section is drawn from the factual allegations of the complaint, which are accepted as true with the exception of allegations related to damages, *see TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987), and from the uncontroverted evidence submitted by Plaintiff.

claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

All factual allegations in the plaintiff's complaint are taken as true, except those related to the amount of damages. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Damages may be proved either through an evidentiary hearing, or through documentary evidence submitted by the plaintiff. *See Johnson v. Garlic Farm Truck Ctr. LLC*, No. 20-CV-03871-BLF, 2021 WL 2457154, at *2 (N.D. Cal. June 16, 2021); *Sec. & Exch. Comm'n v. Blockvest, LLC*, No. 18CV2287-GPB(MSB), 2020 WL 7488067, at *2 (S.D. Cal. Dec. 15, 2020).

### III.   DISCUSSION

Plaintiff seeks default judgment on two of the four claims asserted in its complaint: Count II for unauthorized reception of cable service in violation of 47 U.S.C. § 553 and Count III for conversion. *See* Pl.'s Mot. at 6-10. Plaintiff does not seek default judgment on Count I for violation of 47 U.S.C. § 605 or Count IV for violation of Cal. Bus. & Prof. Code § 17200. *See id*. at 3 n.1; Riley Decl. ¶ 7. The Court therefore limits its evaluation of Plaintiff's motion to Counts II and III, and it dismisses Counts I and IV without prejudice.

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). The Court discusses in turn subject matter jurisdiction, personal jurisdiction, service, the *Eitel* factors, and the requested relief.

#### A.    Subject Matter Jurisdiction

The Court has federal question jurisdiction over Count II for violation of 47 U.S.C. § 553. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

The Court has supplemental jurisdiction over Count III for conversion. See 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the

United States District Court
Northern District of California

United States District Court
Northern District of California

action within such original jurisdiction that they form part of the same case or controversy[.]”).

**B.      Personal Jurisdiction**

A federal district court may exercise either general or specific personal jurisdiction over a defendant. *See Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). “For an individual, the paradigm forum for the exercise of general jurisdiction is the individual’s domicile[.]” *Id*. at 137. A court may exercise personal jurisdiction over an out-of-state defendant if the defendant has sufficient “minimum contacts” with the state. *Id*. at 126.

It is unclear whether general personal jurisdiction exists, because the complaint does not allege whether Defendant is domiciled in California. However, specific personal jurisdiction exists based on the complaint’s factual allegations, taken as true, that Defendant owned and operated the El Cielo Bar & Grill in California and exhibited the Program there without authorization from Plaintiff. *See* Compl. ¶¶ 7-13. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (setting forth requirements for specific personal jurisdiction).

**C.      Service of Process**

When a plaintiff requests default judgment, the court must assess whether the defendant was properly served with notice of the action. *See Solis v. Cardiografix*, No. 12-cv-01485, 2012 WL 3638548, at *2 (N.D. Cal. Aug. 22, 2012). Plaintiff filed a proof of service showing that Defendant was served by substitute service pursuant to California law. *See* POS, ECF 13.

The Federal Rules of Civil Procedure allow service of process pursuant to the law of the state where the district court is located. *See* Fed. R. Civ. P. 4(e)(1). Under California law, substitute service may be used under certain circumstances. *See* Cal. Civ. P. Code § 415.20. As relevant here, if the defendant cannot be personally served despite reasonable diligence, service may be effected by leaving a copy of the summons and complaint at the defendant’s usual place of business with a person apparently in charge and thereafter mailing a copy of the summons and complaint to the defendant at the business. *See* Cal. Civ. P. Code § 415.20(b). Service is deemed complete on the 10th day after mailing. *See id*. Two or three attempts at personal service ordinarily suffice to establish reasonable diligence. *See Hearn v. Howard*, 177 Cal. App. 4th 1193, 1202 (2009).

United States District Court
Northern District of California

Plaintiff's process server attempted personal service on Defendant at El Cielo Bar & Grill on three separate occasions. *See* POS. On the third attempt, the process server left the service documents with an employee at El Cielo Bar & Grill. *Id*. The service documents thereafter were mailed to Defendant at El Cielo Bar & Grill. *Id*. The Court finds that Plaintiff has shown that Defendant was properly served with process.

### D. *Eitel* Factors

Next, the Court considers whether default judgment is warranted under the *Eitel* factors.

#### 1. Factor 1 – Possibility of Prejudice

Under the first *Eitel* factor, the Court finds that Plaintiff would be prejudiced without a default judgment against Defendant. Because Defendant did not respond to the complaint, Plaintiff's only recourse is default judgment. *See Ridola v. Chao*, No. 16-CV-02246-BLF, 2018 WL 2287668, at *5 (N.D. Cal. May 18, 2018) (plaintiff prejudiced without default judgment because she "would have no other means of recourse against Defendants for the damages caused by their conduct"); *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1054 (N.D. Cal. 2010) ("Here, denial of Plaintiff's request for judgment and injunctive relief would leave Plaintiff with no means to prevent further infringement by Defendants, and leave Plaintiff prone to continued circumvention of its security measures by Defendants.").

The first factor weighs in favor of granting default judgment.

#### 2. Factors 2 and 3 – Merits and Sufficiency of Claims

The second and third *Eitel* factors address the merits and sufficiency of the plaintiff's claims. Courts often analyze these two factors together. *See Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010) ("Under an *Eitel* analysis, the merits of plaintiff's substantive claims and the sufficiency of the complaint are often analyzed together."). "[T]he general rule is that well-pled allegations in the complaint regarding liability are deemed true." *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

##### a. Count II – Violation of 47 U.S.C. § 553

In Count II, Plaintiff asserts a claim for violation of 47 U.S.C. § 553, which prohibits the unauthorized reception, interception and publication of certain communications, including cable-

5

delivered television programming. *See* 47 U.S.C. § 553(a) ("No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law."). "To prove a violation of § 553 a plaintiff must establish three elements: (1) an interception of a cable transmission or broadcast, (2) lack of authorization, and (3) publication." *Innovative Sports Mgmt. Inc. v. Ochoa*, No. CV-20-01127-PHX-SPL, 2022 WL 22864989, at *2 (D. Ariz. July 20, 2022).

The complaint's allegations, accepted as true, establish that Defendant intercepted the cable transmission or broadcast of the Program, Defendant did not have Plaintiff's authorization for such interception, and Defendant published the Program by exhibiting it at El Cielo Bar & Grill. *See* Compl. ¶¶ 7-12. Plaintiff also offers evidence on these elements. Plaintiff's president submits a declaration stating that Plaintiff owns the exclusive nationwide licensing rights to exhibit the Program, and that Plaintiff did not authorize Defendant to exhibit the Program at El Cielo Bar & Grill. *See* Jacobs Decl. ¶¶ 1-7, ECF 19-1. Plaintiff's investigator submits a declaration stating that the Program was exhibited on two televisions inside El Cielo Bar & Grill. *See* Galvez Decl. The Court finds that Plaintiff's allegations and evidence are sufficient to establish the merits and sufficiency of Count II for violation of 47 U.S.C. § 553.

### b.    Count III – Conversion

In Count III, Plaintiff asserts a claim for conversion under California law. "In California, conversion has three elements: ownership or right to possession of property, wrongful disposition of the property right and damages." *G.S. Rasmussen & Assocs., Inc. v. Kalitta Flying Serv., Inc.*, 958 F.2d 896, 906 (9th Cir. 1992). The complaint's allegations, accepted as true, establish that Plaintiff owns the nationwide distribution rights for the Program, Defendant misappropriated that ownership right by intercepting the Program and exhibiting it at El Cielo Bar & Grill, and Plaintiff was damaged because it was not paid a sublicensing fee for Defendant's exhibition of the Program. *See* Compl. ¶¶ 34-36. Plaintiff also offers evidence on these elements, in particular, evidence that Plaintiff owns the nationwide distribution rights for the Program and did not authorize Defendant to exhibit the Program, *see* Jacobs Decl. ¶¶ 1-7, and that Defendant exhibited

United States District Court
Northern District of California

the Program at El Cielo Bar & Grill, *see* Galvez Decl.  The Court finds that Plaintiff's allegations and evidence are sufficient to establish the merits and sufficiency of Count III for conversion.

Because Plaintiff has established the merits and sufficiency of Counts II and III, the second and third *Eitel* factors weigh in favor of granting default judgment.

### 3.    Factor 4 – Sum of Money at Stake

Under the fourth *Eitel* factor, the Court must consider the amount of money at stake in relation to the seriousness of the defendant's conduct.  "Default judgment is disfavored when a large amount of money is involved or unreasonable in light of the potential loss caused by the defendant's actions."  *Operating Engineers' Health & Welfare Tr. Fund for N. California v. Hansen*, No. 19-CV-08344-JSC, 2024 WL 3558851, at *4 (N.D. Cal. July 26, 2024) (internal quotation marks and citation omitted).  However, "when the sum is tailored to the specific misconduct of the defendant, default judgment may be appropriate."  *Id*. (internal quotation marks and citation omitted).

With respect to Count II for violation of 47 U.S.C. § 553, Plaintiff seeks $4,000 in statutory damages, plus $20,000 in enhanced damages, plus reasonable attorneys' fees.  With respect to Count III for conversion, Plaintiff seeks $1,000 in damages, which is the amount of the licensing fee Defendant would have had to pay to exhibit the Program at El Cielo Bar & Grill.  *See* Riley Decl. ¶ 8 (stating that a sublicense to show the Program would have cost Defendant $1,000).  The damages sought under § 553 are much greater that the potential loss caused by Defendant's actions, that is, the loss of the $1,000 sublicensing fee.  However, the damages, enhanced damages, and attorneys' fees recoverable under § 553 are completely within the Court's discretion.  With that guardrail in place, the Court finds that the sum of money at stake is sufficiently tailored to Defendant's conduct to make this factor favorable to Plaintiff.

The Court finds that the fourth *Eitel* factor weighs in favor of granting default judgment.

### 4.    Factors 5 and 6 – Possibility of Factual Dispute or Excusable Neglect

Under the fifth and sixth *Eitel* factors, the Court considers whether there is a possibility of dispute over any material fact and whether the default was due to excusable neglect.  *See Ridola*, 2018 WL 2287668, at *13.  There is no indication on this record that Defendant could dispute any

7

material fact or that Defendant's failure to appear was due to excusable neglect.

The fifth and sixth *Eitel* factors weigh in favor of granting default judgment.

### 5.    Factor 7 – Policy Favoring Decision on the Merits

The seventh *Eitel* factor, which is the policy favoring decisions on the merits, weighs against default judgment. In cases where the other factors weigh in favor of default judgment, the seventh factor will not be an impediment to granting default judgment. *See Ridola*, 2018 WL 2287668, at *13 ("Although federal policy favors decision on the merits, Rule 55(b)(2) permits entry of default judgment in situations, such as this, where a defendant refuses to litigate.").

### 6.    Conclusion

The Court finds that the first through sixth *Eitel* factors favor granting default judgment, and that those factors outweigh the seventh *Eitel* factor. Accordingly, the Court concludes that Plaintiff is entitled to default judgment against Defendant on Count II for unauthorized reception of cable service in violation of 47 U.S.C. § 553 and Count III for conversion.

### E.    Relief Requested

Having determined that Plaintiff is entitled to default judgment, the Court must consider whether the requested relief is warranted. Plaintiff seeks damages in the amount of $24,000 under 47 U.S.C. § 553 (Count II), damages in the amount of $1,000 for conversion (Count III), and attorneys' fees in an amount to be determined.

### 1.    Damages on Count II – Violation of 47 U.S.C. § 553

A plaintiff who establishes a violation of 47 U.S.C. § 553 may obtain either: (1) actual damages suffered as a result of the violation and any profits of the violator that are attributable to the violation that are not taken into account when computing actual damages; or (2) statutory damages in a sum not less than $250 and not more than $10,000 as the court considers just. *See* 47 U.S.C. § 553(c)(3)(A). If the court finds that the violation was committed willfully and for the purpose of commercial advantage or financial gain, the court in its discretion may enhance the damages award by up to $50,000. *See* 47 U.S.C. § 553(c)(3)(B).

#### a.    Statutory Damages under 47 U.S.C. § 553(c)(3)(A)

Courts in this district addressing similar claims under 47 U.S.C. § 553 typically have

United States District Court
Northern District of California

United States District Court
Northern District of California

awarded statutory damages in the amount of the lost sublicensing fee. *See, e.g., G & G Closed Cir. Events, LLC v. Segura*, No. C 20-07576 WHA, 2021 WL 3141191, at *4-5 (N.D. Cal. July 26, 2021), *aff'd*, No. 21-16381, 2022 WL 1499650 (9th Cir. May 12, 2022) (collecting cases and awarding $1,400 cost of sublicense in statutory damages under 47 U.S.C. § 553); *G & G Closed Cir. Events, LLC v. Macias*, No. 20-CV-02916-BLF, 2021 WL 2037955, at *6 (N.D. Cal. May 21, 2021) (awarding $875 cost of sublicense in statutory damages under 47 U.S.C. § 553).  Some courts have increased the sublicensing fee by a modest multiplier, including one court addressing a prior suit by the same Plaintiff against the same Defendant for the interception and exhibition of a different soccer match at El Cielo Bar & Grill.  *See Innovative Sports Mgmt., Inc. v. Polanias* ("*Polanias I*"), No. 24-CV-06435-EJD, 2025 WL 1017931, at *4 (N.D. Cal. Apr. 4, 2025) (awarding $4,000 – four times the cost of the sublicense – in statutory damages under 47 U.S.C. § 605).  The *Polanias I* court awarded damages under a different statute, 47 U.S.C. § 605, which also provides for statutory and enhanced damages for piracy of television programs.

Plaintiff seeks statutory damages in the amount of $4,000 based on a 4x multiplier of the lost sublicensing fee of $1,000.  Plaintiff points out that the *Polanias I* court applied a 4x multiplier under similar circumstances and argues that at least the same multiplier is warranted here based on Defendant's second unauthorized exhibition of a program in violation of Plaintiff's rights.  The Court agrees that Defendant's repeated misconduct should be taken account in determining an appropriate damages award, but in the Court's view Defendant's apparent pattern of pirating soccer matches should be addressed in the context of Plaintiff's request for enhanced damages rather than the base statutory damages.  Accordingly, the Court will grant statutory damages in the amount of $1,000, the cost of the sublicense Defendant would have paid to exhibit the Program.

### b.      Enhanced Damages under 47 U.S.C. § 553(c)(3)(B)

Courts in this district addressing similar cases generally have awarded enhanced damages of twice the statutory damages.  *See, e.g., Segura*, 2021 WL 3141191, at *4-5 (collecting cases and awarding twice the cost of the sublicense as enhanced damages under 47 U.S.C. § 553); *Macias*, 2021 WL 2037955, at *6 (awarding twice the cost of the sublicense as enhanced damages under

United States District Court
Northern District of California

47 U.S.C. § 553).  The *Polanias I* court declined to award any enhanced damages.  *See Polanias I*, 2025 WL 1017931, at *4.

Plaintiff seeks enhanced damages of $20,000.  Plaintiff argues that Defendant's conduct was willful, pointing out that Defendant pirated another soccer match in violation of Plaintiff's rights on an earlier occasion as discussed in *Polanias I*.  *See generally, Polanias I*, 2025 WL 1017931.  Plaintiff acknowledges that the *Polanias I* default judgment was entered after the exhibition of the soccer match giving rise to the present suit, and the Court notes that in fact Defendant had not even been served with the summons and complaint in *Polanias I* at the time she broadcast the Program at issue in this case.  *See Polanias I*, 24-cv-6435, ECF 13.  Thus, the evidence at most establishes that Defendant had a pattern of misconduct.   Plaintiff also cites to a number of cases observing that defendants generally benefit from the illegal interception of sporting matches by avoiding paying sublicensing fees and, presumably, attracting patrons to the establishment.  *See, e.g., Macias*, 2021 WL 2037955, at *6.

This Court finds that Plaintiff has established willfulness on the part of Defendant.  However, the Court does not agree that Defendant's conduct warrants enhanced damages of $20,000 – a 20x multiplier of the sublicensing fee Defendant should have paid.  Plaintiff's evidence of willfulness is modest – certainly Defendant benefitted from broadcasting the Program without paying the sublicensing fee.  But there is no other indicia of willful violation.  Plaintiff submits no evidence that Defendant charged a cover fee; the restaurant was less than a third full; and there is no evidence of increased food or beverage charges.  Thus, the only reasonable inference the Court can draw is that Defendant did not profit from the unlawful broadcast of the Program.  *See Macias*, 2021 WL 2037955, at *5-6.  The Court will award enhanced damages totaling three times the statutory damages, resulting in an award of enhanced damages of $3,000 in this case.  The treble enhancement is primarily based on Defendant's pattern of violation.

### 2. Count III – Conversion

Plaintiff seeks damages for conversion in the amount of $1,000.  Plaintiff submits evidence that the commercial sublicensing fee to broadcast the Program would have cost Defendant $1,000.  *See* Jacobs Decl. ¶ 8.  Based on that evidence, the Court will grant Plaintiff's request for $1,000 in

damages for conversion.

The Court notes that some courts in this district have declined to award conversion damages in similar circumstances, finding that the sublicensing fee sought as conversion damages is subsumed in the award of statutory damages. *See, e.g., Polanias I*, 2025 WL 1017931, at *5. Other courts in this district have awarded both statutory damages and conversion damages. *See, e.g., Segura*, 2021 WL 3141191, at *6; *Macias*, 2021 WL 2037955, at *6. This Court finds it appropriate to award conversion damages, particularly in light of the Court's award of only modest enhanced damages.

### 3.    Attorneys' Fees

Plaintiff asks for leave to file a motion for attorneys' fees. Reasonable attorneys' fees may be awarded under to 47 U.S.C. § 553(c)(2)(C). Plaintiff may file a properly supported request for reasonable attorneys' fees and costs within 14 days after issuance of this order. Any such motion must be accompanied by an attorneys' fees chart in compliance with this Court's Standing Order Re Civil Cases.

## IV.    ORDER

(1)    Plaintiff's motion for default judgment is GRANTED IN PART AND DENIED IN PART, as follows:

   (a)    Plaintiff is GRANTED default judgment on Count II for violation of 47 U.S.C. § 553 in the amount of $4,000, comprising $1,000 in statutory damages and $3,000 in enhanced damages.

   (b)    Plaintiff is GRANTED default judgment on Count III for conversion in the amount of $1,000.

(2)    Count I for violation of 47 U.S.C. § 605 and Count IV for violation of Cal. Bus. & Prof. Code § 17200 are DISMISSED WITHOUT PREJUDICE.

(3)    A separate default judgment will be entered for Plaintiff and against Defendant in the total amount of $5,000 plus an award of reasonable attorneys' fees to be determined by separate motion.

11

(4) Plaintiff may file a properly supported motion for reasonable attorneys' fees within 14 days of this order.  Any such motion must be accompanied by an attorneys' fees chart in compliance with this Court's Standing Order Re Civil Cases.

(5) This order terminates ECF 19.

Dated:  May 12, 2026

Beth Labson Freeman
United States District Judge

United States District Court
Northern District of California

12