United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

INNOVATIVE SPORTS MANAGEMENT, INC., d/b/a INTEGRATED SPORTS MEDIA,

                Plaintiff,

      v.

MARTHA J. MARTINEZ POLANIAS, d/b/a EL CIELO BAR & GRILL,

                Defendant.

Case No.  25-cv-05060-BLF

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

[Re:  ECF 27]

On May 12, 2026, the Court granted Plaintiff Innovative Sports Management, Inc.'s motion for default judgment. *See* Order, ECF 25. The Court awarded Plaintiff $5,000 in damages, comprising $4,000 in damages under 47 U.S.C. § 553 and $1,000 in damage for conversion. On this basis, Plaintiff is the prevailing party.

On May 26, 2026, Plaintiff filed the present motion for attorneys' fees and costs pursuant to 47 U.S.C. § 553(c)(2)(C). *See* Pl.'s Mot., ECF 27. Plaintiff seeks $8,750.00 in attorneys' fees and $1,280.75 in costs. The Court finds this matter suitable for disposition without oral argument. *See* Civ. L.R. 7-1(b). The hearing previously scheduled for November 5, 2026 is VACATED.

Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

**I.**    **LEGAL STANDARD**

Under 47 U.S.C. § 553, the Court has discretion to award reasonable attorneys' fees and costs to the prevailing party. 47 U.S.C. § 553(c)(2)(C). To calculate the amount of attorneys' fees, the Court uses the "lodestar" method. *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (citation omitted). The lodestar is calculated by multiplying the number of hours

the prevailing party reasonably expended on the litigation by a reasonable hourly rate. *See id.*

The party seeking attorneys' fees "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). This includes "submitting evidence of the hours worked, the rate charged, and that the rate charged is in line with the prevailing market rate of the relevant community." *G&G Closed Circuit Events, LLC v. Parker*, No. 3:20-cv-00801-BEN-RBB, 2021 WL 164998, at *2 (S.D. Cal. Jan. 19, 2021) (internal quotation marks and citation omitted). The relevant community is "the forum in which the district court sits." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013) (internal quotation marks and citation omitted).

## II.   DISCUSSION

### A.   Attorneys' Fees

Plaintiff's request for $8,750.00 in attorneys' fees is supported by the declaration of Plaintiff's counsel, Thomas P. Riley, and billing records attached thereto. *See* Riley Decl., ECF 27-1 (Riley Decl.). Mr. Riley states that he keeps "contemporaneous notes with respect to the dates and times the substance of the work is done," and that "[b]illable hours for legal services rendered are reconstructed by way of a thorough review of the files[.]" *Id.* ¶ 7. Mr. Riley also submits a chart summarizing the hours each biller spent on the major tasks in the case. *See* Chart, ECF 29.

The billing records and chart reflect 8.85 hours spent by Mr. Riley at a rate of $750 per hour, and 6.50 hours spent by an unnamed research attorney at a rate of $325 per hour. Plaintiff therefore seeks attorneys' fees in the following amounts from each biller:

- •   Lead Attorney Time: 8.85 hours at $750/hour = $6,637.50

- •   Research Attorney Time: 6.50 hours at $325/hour = $2,112.50

With respect to Mr. Riley, the Court finds the requested hourly rate to be reasonable. Mr. Riley has been practicing law for thirty years. *See* Riley Decl. ¶ 3. He has been awarded similar rates in similar cases litigated in this district. *Innovative Sports Mgmt., Inc. v. Lizcano Reyes*, 802 F. Supp. 3d 1182, 1185 (N.D. Cal. 2025) (approving hourly rates of $675 for Mr. Riley). However, Plaintiff has not shown that all hours expended by Mr. Riley were reasonable. It appears

United States District Court
Northern District of California

that Mr. Riley spent 1.25 hours on clerical tasks such as "Review and Filing of Issued Summons," "Review and Filing of the Clerk's Notice re: Consent or Declination," "Preparation, Review, Execution, Filing and Service of Plaintiff's Declaration to Proceed Before a Magistrate Judge," "Review and Filing of Court's Order Reassignment of Case to Magistrate Judge Virginia K. DeMarchi," "Preparation, Filing, Review and Execution of Executed Summons," "Review and Filing of the Clerk's Notice of Entry of Default," "Review and Filing of the Court's Judgment." *See* Riley Decl. Ex. 1. Such tasks should be "subsumed in firm overhead" rather than sought as attorneys' fees. *Innovative Sports Mgmt., Inc. v. Arias*, No. C 22-05773 WHA, 2023 WL 4238494, at *1 (N.D. Cal. June 27, 2023); *see also Innovative Sports Mgmt. v. Cuya*, No. 24-cv-06331-AMO, 2025 WL 2684345, at *2 (N.D. Cal. Aug. 25, 2025) (declining to award fees for similar clerical tasks). Accordingly, the Court will grant attorneys' fees for 7.6 hours of work performed by Mr. Riley (8.85 hours – 1.25 hours = 7.6 hours).

The Court declines to award fees for any work billed by the unnamed research attorney. Plaintiff does not identify the research attorney by name, and it provides only cursory information about the research attorney's academic credentials, bar admission status, and employment at Mr. Riley's firm. *See* Riley Decl. ¶ 3. Plaintiff's submission simply lacks sufficient information for the Court to assess the reasonableness of the hours expended by the research attorney. This Court has declined to award fees for Mr. Riley's unnamed research attorney in similar circumstances. *See Innovative Sports Management, Inc. v. Huaman*, No. 22-cv-05796-BLF, 2023 WL 7284164, at *2 (N.D. Cal. Nov. 3, 2023).

Accordingly, the Court will award attorneys' fees in the amount of $5,700.00, representing 7.6 hours of Mr. Riley's time at an hourly rate of $750.

**B.    Costs**

Plaintiff seeks costs in the amount of $1,280.75, consisting of $405.00 for the complaint filing fee, $125.75 for service of process charges, and $750.00 for investigative expenses. *See* Riley Decl. Ex. 2, 3. Filing fees and service of process charges are typically recoverable. *See J & J Sports Prods., Inc. v. Campos*, No. 5:13-CV-04257-BLF, 2014 WL 3593591, at *5 (N.D. Cal. July 18, 2014). However, as Mr. Riley has been advised in this district, investigative fees typically are

United States District Court
Northern District of California

3

not recoverable. *See, e.g., Huaman,* 2023 WL 7284164, at *4 ("Investigative fees and courier fees are typically not recoverable."); *Innovative Sports Management, Inc. v. Gutierrez*, No. 22-cv-05793-BLF, 2023 WL 4686018, at *3 (N.D. Cal. July 20, 2023) ("The Court finds that costs should be limited to the complaint filing fee and the service of process charges."); *Arias*, 2023 WL 4238494, at *2 (declining to award investigative fees as costs).

The Court will award costs in the amount of $530.75, comprising the $405.00 filing fee and the $125.75 for service of process.

## III.   ORDER

(1) Plaintiff's motion for attorneys' fees and costs is GRANTED IN PART AND DENIED IN PART. Plaintiff is awarded $5,700.00 in reasonable attorneys' fees and $530.75 in costs, for a total award of $6,230.75.

(2) This order terminates ECF 27.

Dated:  June 15, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

4